IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**RICHARD M. ROSA VALDEZ**
**Plaintiff,**

**v.**

**UNITED STATES OF AMERICA**
**Defendant**

CIVIL NO. 26-1261

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

TO THE HONORABLE COURT:

Plaintiff Richard M. Rosa Valdez ("Mr. Rosa" or "Plaintiff"), through undersigned counsel, respectfully alleges as follows:

1. This is a civil action arising under the Constitution and laws of the United States to set aside, vacate, or otherwise afford relief from an administrative forfeiture effected by U.S. Customs and Border Protection ("CBP") concerning Plaintiff's 2020 Can-Am Maverick X3 RR.

2. Plaintiff does not ask this Court to review a discretionary remission decision. Rather, Plaintiff challenges the constitutionality of the notice and process employed by the Government in connection with the administrative forfeiture, which deprived him of a meaningful opportunity to file a timely claim and obtain judicial forfeiture proceedings.

3. Plaintiff seeks a declaration that the administrative forfeiture is void as to his interest because the Government failed to provide constitutionally adequate notice reasonably calculated, under all the circumstances, to apprise him of the forfeiture proceedings in time to contest them.

4. Plaintiff further seeks an order vacating the forfeiture, directing return of the vehicle or, if the vehicle has been sold, transferred, or otherwise disposed of, directing restoration of the substitute res, sale proceeds, or other appropriate monetary relief corresponding to Plaintiff's interest, subject only to lawful offsets and defenses.

5. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this

action arises under the Fifth Amendment to the United States Constitution and federal forfeiture law.

6.      This Court also has authority to grant declaratory and equitable relief to remedy constitutionally defective administrative forfeiture proceedings.

7.      Venue is proper in this District under 28 U.S.C. § 1391 because the seizure occurred in Puerto Rico, the forfeiture proceedings were handled by CBP's San Juan Fines, Penalties and Forfeitures Office, the property was located in this District, and Plaintiff resides in this District.

8.      Plaintiff Richard M. Rosa Valdez is an adult resident of San Juan, Puerto Rico, and the owner of the vehicle at issue.

9.      Defendant United States of America is the sovereign responsible for the acts of its agencies and officers sued herein in their official capacities.

10.     Defendant United States of America acted through U.S. Customs and Border Protection ("CBP"), a federal agency within the Department of Homeland Security, which seized Plaintiff's vehicle and carried out, or caused to be carried out, the administrative forfeiture process challenged in this action.

11.     CBP administers seizure and forfeiture matters through its Fines, Penalties and Forfeitures Office ("FP&F"). The San Juan FP&F Office handled the seizure-related notifications and decisions at issue in this case.

FACTUAL ALLEGATIONS

12.     Plaintiff is the owner of a 2020 Can-Am Maverick X3 RR, VIN 3JBVAAV23LK000593, title number 12067825.

13.     Puerto Rico Department of Transportation and Public Works (Spanish acronym DTOP) vehicle records identify Plaintiff as the registered owner of the Can-Am and reflect the same VIN and title number.

2

14. Plaintiff retained JULIO RODRIGUEZ US CUSTOMS BROKER CORPORATION to handle the brokerage and shipping arrangements for transporting the Can-Am to the Dominican Republic.

15. The bill of lading generated for the shipment identified SOS Logistics as the shipper/exporter and Caribbean Logistic Solution SRL as consignee/notify party, thereby reflecting that CBP possessed records identifying multiple entities connected to the export transaction.

16. The bill of landing identifies the vehicle as a 2020 Can-Am Maverick with VIN 3JBVAAV23LK000593 and title number 12067825, matching Puerto Rico's official vehicle records.

17. On or about April 6, 2026, CBP transmitted Plaintiff by e-mail a copy of a March 6, 2026, letter regarding Case Number 2025-4909-000091-01, after Plaintiff had personally gone to the CBP office in San Juan to inquire about the status of the seizure.

18. That March 6, 2026 letter disclosed that on February 7, 2025, CBP had seized approximately one 2020 Can-Am Maverick X3 RR for alleged violations of: (a) 19 U.S.C. § 1595a(d), 22 U.S.C. § 401, and 19 C.F.R. § 192.2; and (b) 19 U.S.C. § 1627a(a)(2), § 1627a(a)(1)(B), and § 1627a(c)(1).

19. The March 6, 2026 letter further stated that a Notice of Seizure had been sent by certified mail on March 13, 2025, to "Urb. Riveras de Cupey, **83 Calle Marfil, San Juan, PR 00926**," and that the mailing was returned "Unclaimed."

20. The March 6, 2026, letter further stated that on July 1, 2025, the previously issued Notice of Seizure was *personally* delivered to Plaintiff at the Fines, Penalties and Forfeitures Office.

21. The March 6, 2026 letter disclosed that CBP declined to consider Plaintiff's Petition

3

for Relief as untimely by relying on the failed March 13, 2025 mailed notice, despite later direct contact with Plaintiff that gave the agency an opportunity to correct the defective address and provide constitutionally adequate notice.

22.    After Plaintiff's visit to the Fines, Penalties and Forfeitures Office on July 1, 2025, he submitted a Petition for Relief through counsel which the agency considered 116 days late.

23.    CBP also acknowledged that mailing issues affecting the delivery of the decision letter to Plaintiff's prior counsel and stated that, on January 13, 2026, the agency decided to resent the decision by e-mail.

24.    Plaintiff did not receive timely constitutionally adequate notice of the administrative forfeiture proceedings in time to file a claim and obtain a judicial forfeiture proceeding.

25.    The address used by CBP in the March 13, 2025, certified mailing was not reasonably calculated to provide actual notice to Plaintiff in time to preserve his right to contest forfeiture.

26.    Puerto Rico's official vehicle information report for the Can-Am reflects Plaintiff's residential and postal address as Urb. Rivieras de Cupey, **85 Calle Marfil**, San Juan, Puerto Rico 00926.

27.    The difference between **83 Calle Marfil** and **85 Calle Marfil** is material because the March 13, 2025, certified notice was returned unclaimed and did not result in timely actual notice.

28.    By the time Plaintiff received personal/verbal notification of the NOS on July 1, 2025, the Government later treated his administrative petition as already untimely by 116 days and continue sending notification to wrong addresses.

29.    By resorting to personal delivery and later email communication after the certified

4

mailing had been returned unclaimed, Defendant demonstrated that the original mailed notice process had failed, yet still did not correct the defective address in time to provide constitutionally adequate notice.

30. Also, because the bill of lading identified specific export-side entities, CBP should have considered them "interested parties" and provide notice if their interest was reasonably apparent from the records.

31. Thus, the Government's delayed and defective notice deprived Plaintiff of a meaningful opportunity to timely file the claim required to force judicial forfeiture proceedings.

32. Plaintiff had, at minimum, a colorable, good-faith ownership interest in the vehicle and a nonfrivolous basis to contest forfeiture.

33. The VIN and title number reflected on the bill of lading matched the official Puerto Rico vehicle records for the Can-Am, and the shipping paperwork was therefore facially consistent with Plaintiff's ownership documents.

34. Plaintiff relied on JULIO RODRIGUEZ US CUSTOMS BROKER CORPORATION, and any persons or entities acting through or on its behalf, to handle the shipping and brokerage logistics connected to the attempted export.

35. Any failure in presentment or documentary handling could have occurred at the intermediary level, not through a knowing or intentional failure by Plaintiff to evade lawful procedures.

36. Had Plaintiff received timely and constitutionally adequate notice, he would have pursued the procedures necessary to challenge the forfeiture and preserve his right to a judicial determination.

37. Despite repeated returned mail, Plaintiff's personal appearance at the CBP San Juan FP&F Office, and Defendant's subsequent direct communications with Plaintiff, CBP failed to

correct its notice process or records and instead relied on the defective mailed notice to reject relief as untimely.

38.    Plaintiff has no adequate remedy at law because the forfeiture was completed through an administrative process that denied him constitutionally sufficient notice and thereby foreclosed timely access to court.

FIRST CAUSE OF ACTION
(Fifth Amendment – Due Process)

39.    Plaintiff realleges and incorporates by reference paragraphs 1 through 37 as if fully set forth herein.

40.    The Fifth Amendment prohibits the Government from depriving a person of property without due process of law.

41.    When the Government pursues administrative forfeiture, due process requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present objections in time to protect their rights.

42.    Defendant failed to provide Plaintiff constitutionally adequate notice of the forfeiture proceedings.

43.    Defendant mailed the initial notice to **83 Calle Marfil**, San Juan, PR 00926, an address that was not reasonably calculated to provide timely actual notice to Plaintiff.

44.    Defendant knew or should have known that the March 13, 2025, certified mailing had failed because it was returned "Unclaimed."

45.    Despite that failed mailing, Defendant did not provide timely effective notice sufficient to preserve Plaintiff's opportunity to file a claim and obtain judicial forfeiture proceedings.

46.    Personal notification on July 1, 2025, was not constitutionally sufficient under the circumstances because it came too late to preserve Plaintiff's meaningful ability to invoke the statutory procedures to contest forfeiture.

47.    As a direct and proximate result of Defendant's constitutionally defective notice, Plaintiff was deprived of his property interest without due process of law.

SECOND CAUSE OF ACTION
(Equitable Relief Setting Aside Forfeiture)

48.    Plaintiff realleges and incorporates by reference paragraphs 1 through 46 as if fully set forth herein.

49.    Federal courts retain equitable authority to entertain constitutional challenges to completed administrative forfeitures and to order appropriate relief when the notice provided was constitutionally deficient.

50.    Because Defendant's notice did not satisfy due process, the resulting administrative forfeiture is void, invalid, or otherwise unenforceable against Plaintiff's interest.

51.    Equity requires that the forfeiture be set aside and that Plaintiff be restored, to the extent possible, to the position he would have occupied had constitutionally adequate notice been provided.

52.    If the vehicle remains in Government custody or control, it should be returned, subject to any lawful proceedings the Government may initiate.

53.    If the vehicle has been sold, transferred, destroyed, placed into official use, or otherwise disposed of, the Court should order restoration of the substitute res, sale proceeds, or other monetary relief corresponding to Plaintiff's interest, subject to lawful offsets.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A.  Assume jurisdiction over this action;

B.  Enter judgment declaring that Defendant failed to provide Plaintiff constitutionally

7

adequate notice of the administrative forfeiture proceedings;

C.  Declare the resulting administrative forfeiture void, invalid, or unenforceable as against Plaintiff's interest;

D.  Vacate and set aside the forfeiture as to Plaintiff's interest;

E.  Order Defendant to return the seized 2020 Can-Am Maverick X3 RR to Plaintiff, if the vehicle remains available;

F.  If the vehicle cannot be returned because it has been sold, transferred, destroyed, or placed into official use, Plaintiff seeks equitable relief corresponding to his property interest, including restoration of the substitute res, sale proceeds, or monetary equivalent, as permitted by law.;

G.  Award Plaintiff his costs, reasonable attorney's fees where available by law, and such further relief as the Court deems just and proper; and

H.  Grant any additional declaratory, injunctive, or equitable relief necessary to restore Plaintiff's lost opportunity to obtain a judicial forfeiture determination.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 2nd day of May, 2026.

s/ Carlos M. Calderón Garnier

Carlos M. Calderón Garnier
Attorney for the Plaintiff
USDC-PR No. 221512
1605 Ave. Ponce de León, Suite 400
San Juan, P.R. 00909
Tel. (787) 763-3311
Fax (787) 764-8072
E-mail: info@calderon.law

8